Hon. Kymberly K. Evanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR24-0091-KKE |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO APPOINT DISCOVERY COORDINATOR |
| OTIS LEE DEW, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion for appointment of Russell M. Aoki of Aoki Law PLLC as Coordinating Discovery Attorney for court-appointed defense counsel.  Dkt. No. 22.  The Government does not oppose the motion.  *Id*. at 2.

Because discovery in this matter is expected to be voluminous (Dkt. No. 22 at 3), and because Aoki's experience as a Coordinating Discovery Attorney in more than 140 federal cases in 46 jurisdictions (Dkt. No. 23 ¶ 3) will help defense counsel avoid duplicative work (*id*. ¶ 7), the Court finds good cause to GRANT the unopposed motion to appoint.  Dkt. No. 22.

ORDER – 1
US v. Dew, CR 24-091 KKE

The Coordinating Discovery Attorney shall oversee any discovery issues common to the court-appointed defendants. His responsibilities will include:

- Managing and, unless otherwise agreed upon with the Government, distributing discovery produced by the Government and relevant third-party information common to defendants;

- Assessing the amount and type of case data to determine what types of technology should be evaluated and used so duplicative costs are avoided and the most efficient and cost-effective methods are identified;

- Acting as a liaison with federal prosecutors to ensure the timely and effective exchange of discovery;

- Identifying, evaluating, and engaging third-party vendors and other litigation support services;

- Assessing the needs of individual parties and identifying any additional vendor support that may be required—including copying, scanning, forensic imaging, data processing, data hosting, trial presentation, and other technology depending on the nature of the case;

- Identifying any additional human resources that the individual parties may need for the organization and substantive review of information; and

- Providing training and support services to the defense teams as a group and individually.

When executing these responsibilities, the Coordinating Discovery Attorney shall assess the most effective and cost-efficient manner to organize the discovery with input from defense counsel.

The Coordinating Discovery Attorney's duties do not include providing representation services and will not be establishing an attorney-client relationship with any defendant. Discovery intended for the counsel of a specific defendant and not to be shared with the other defense counsel shall be produced by the Government directly to the defense counsel for that

ORDER – 2

US v. Dew, CR 24-091 KKE

defendant. Discovery issues specific to one defendant shall be addressed by defense counsel directly with the Government and not through the Coordinating Discovery Attorney.

For any discovery common to all defendants already produced by the Government before this Order, the Government shall provide a copy to the Coordinating Discovery Attorney within 14 days. Any additional discovery not already produced shall be provided directly to the Coordinating Discovery Attorney, who shall duplicate and distribute the discovery to defense counsel unless the Government elects to produce discovery directly to defense counsel with a simultaneous copy to the Coordinating Discovery Attorney. The Government shall work with the Coordinating Discovery Attorney to provide discovery in a timely manner.

The Coordinating Discovery Attorney shall petition this Court, *ex parte*, for funds for outside services and shall monitor all vendor invoices for these services, including confirming the work previously agreed to be performed. However, the CDA's time and the time spent by his staff will be paid by the Administrative Office of the U.S. Courts, Defender Services Office. All petitions for outside services shall include a basis for the requested funds and a determination that the cost of the service is reasonable.

The Coordinating Discovery Attorney shall also provide this Court with monthly *ex parte* status reports depicting the status of work and whether that work remains within the budget of any funds authorized by the Court, with the copy provided to defense counsel.

ORDERED this 6th day of June, 2024.

Kymberly K. Evanson
United States District Judge

ORDER – 3

US v. Dew, CR 24-091 KKE

ORDER – 4

US v. Dew, CR 24-091 KKE