UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OTIS LEE DEW,<br><br>　　　　　Defendant. | NO. CR24-0091-KKE<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

The United States filed a motion for a preliminary order of forfeiture seeking to forfeit, to the United States, Defendant Ortis Lee Dew's interest in the following property (the "Subject Property"), which was seized on or about May 14, 2024, from the residence of Defendant Otis Lee Dew in Puyallup, Washington:

　　a.　One Glock 23 Pistol, bearing serial number PLU233;

　　b.　One Colt Combat Commander Pistol, bearing serial number 70BS40181;

　　c.　One Norinco SKS Rifle, bearing serial number 9093780;

　　d.　One Romarm Cugir Rifle, bearing serial number ROA22AG6890;

　　e.　One Derringer 38 Spc Pistol, bearing serial number PR2068;

　　f.　One Panzer Arms AR12 Tactical Shotgun, bearing serial number BP-18-00530; and

Preliminary Order of Forfeiture - 1
*United States v. Dew*, CR24-091-KKE

g.   Any and all associated magazines and ammunition.

The Court, having reviewed the United States' motion, as well as the other papers and pleadings filed in this matter, hereby GRANTS the motion and finds that a Preliminary Order of Forfeiture is appropriate because:

- The Subject Property is forfeitable pursuant to 21 U.S.C. § 853(a) as it facilitated and/or constituted proceeds of Defendant's commission of *Possession of Controlled Substances with Intent to Distribute*, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (lesser included offense of that charged in Count 1 of the Indictment), *see* Dkt. Nos. 9, 33; and

- In his Plea Agreement, Defendant agreed to forfeit his interest in any property that facilitated and/or constituted proceeds of his commission of *Possession of Controlled Substances with Intent to Distribute* (lesser included offense of that charged in Count 1), pursuant to 21 U.S.C. § 853(a), including the Subject Property, *see* Dkt. No. 33 ¶ 12.

NOW, THEREFORE, THE COURT ORDERS:

1)   Pursuant to 21 U.S.C. § 853(a), and his Plea Agreement, Defendant's interest in the Subject Property is fully and finally forfeited, in its entirety, to the United States;

2)   Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A)-(B), this Preliminary Order will be final as to Defendant at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3)   The United States Department of Justice, the Federal Bureau of Investigation, and/or its authorized agents or representatives shall maintain the Subject Property in its custody and control until further order of this Court;

4)   Pursuant to Federal Rule of Criminal Procedure 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the Subject Property as permitted by governing law. The notice shall be posted

on an official government website – currently www.forfeiture.gov – for at least 30 days. For any person known to have alleged an interest in the property, the United States shall, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than the Defendant, who has or claims a legal interest in the property must file a petition with the Court within 60 days of the first day of publication of the notice (which is 30 days from the last day of publication), or within 30 days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

    a.    shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property;

    b.    shall be signed by the petitioner under penalty of perjury; and,

    c.    shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, as well as any facts supporting the petitioner's claim and the specific relief sought.

5) If no third-party petition is filed within the allowable time period, the United States shall have clear title to the Subject Property, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2);

6) If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

7) The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of

1  Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to
2  Federal Rule of Criminal Procedure 32.2(e).
3       DATED this 30th day of January, 2025.

*[signature: Kymberly K. Evanson]*

Kymberly K. Evanson
United States District Judge