The Hon. Kymberly K. Evanson

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>OTIS LEE DEW,<br><br>    Defendant,<br><br>and<br><br>KRISTIE GUY,<br><br>    Third-Party Claimant. | NO. CR24-091-KKE<br><br>**STIPULATION AND ORDER SETTLING THIRD-PARTY CLAIM** |

The United States and Third-Party Claimant Kristie Guy present the following Stipulation and proposed Order to settle the asserted interest in the following property (collectively, the "Subject Property"), which was forfeited by Defendant Otis Lee Dew:

    a.    One Glock 23 Pistol, bearing serial number PLU233 (the "Glock Pistol");

    b.    One Colt Combat Commander Pistol, bearing serial number 70BS40181 (the "Subject Colt Pistol");

    c.    One Norinco SKS Rifle, bearing serial number 9093780;

    d.    One Romarm Cugir Rifle, bearing serial number ROA22AG6890;

    e.    One Derringer 38 Spc Pistol, bearing serial number PR2068;

Stipulation and Order - 1
*United States v. Dew,* CR24-091-KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      f.      One Panzer Arms AR12 Tactical Shotgun, bearing serial number BP-18-00530 (the "Panzer Shotgun"); and

      g.      Any and all associated magazines and ammunition.

As set forth below in greater detail, Ms. Guy has agreed to withdraw her claim to the Subject Property, except for the Subject Colt Pistol, bearing serial number 70BS40181, and the United States has agreed to recognize Ms. Guy's claim to the Subject Colt Pistol.

## I.    BACKGROUND

In the Plea Agreement he entered on December 30, 2024, Defendant Otis Lee Dew agreed to forfeit his interests in the Subject Property. *See* Dkt. No. 33. Prior to Defendant's sentencing, the Court entered a Preliminary Order of Forfeiture forfeiting Defendant's interest in the Subject Property. Dkt. No. 37. As required by 21 U.S.C. § 853(n)(1) and Fed. R. Crim. P. 32.2(b)(6)(C), the United States published notice of the Preliminary Order of Forfeiture and its intent to dispose of the Subject Firearm in accordance with governing law. Dkt. No. 38. That notice informed any third parties claiming an interest in the Subject Firearm that they were required to file a petition with the Court within 60 days of the date of the notice's first publication on February 1, 2025. *Id.*

As required by Fed. R. Crim. P. 32.2(b)(6)(A), the United States sent notice and a copy of the Preliminary Order of Forfeiture to individuals identified as potential claimants based upon the investigative materials. *See* Declaration of Assistant United States Attorney Karyn S. Johnson in Support of Stipulation ("Johnson Decl."), ¶ 2. The United States sent direct notice to Michael W. Ward, as he appeared to be a potential claimant to the Subject Colt Pistol, based upon the firearms trace report for the Subject Colt Pistol (the "Tracing Report") prepared by the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). *Id.* ¶ 2(a) and Exhibit A. According to the Tracing Report, Mr. Ward was the last individual to purchase the Subject Colt Pistol from a Federal Firearms Licensee ("FFL"). *Id.*

Stipulation and Order - 2
*United States v. Dew,* CR24-091-KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The United States also sent notice of the pending forfeitures to individuals with the initials B.S. and A.P., who appeared to be potential claimants to the Glock Pistol and the Panzer Shotgun, respectively, based on firearms traces for those firearms. *Id.* ¶ 4 and Exhibits B-C. The United States also provided direct notice of the pending forfeitures to another potential claimant, L.G. The last of the mailed notice letters was delivered on or about April 12, 2025. *Id.*

Ms. Guy filed a claim to the Subject Property (the "Claim"). *See* Dkt. No. 48. In her Claim, Ms. Guy stated that she and Michael W. Ward had been registered domestic partners in the State of Washington, Mr. Ward had passed away on June 10, 2017, and she was the executor of his estate. *Id.* Ms. Guy represented that the Subject Property had been stolen from Mr. Ward prior to his death, although she was unable to provide documentation of the theft. *Id.* Ms. Guy also submitted an affidavit in which she identified herself as Mr. Ward's successor, as defined in RCW 11.62.005, and represented that she had served or mailed written notice to all other successors to the decedent identifying her claim and describing the property claimed. Dkt. No. 49. Ms. Guy asserted that she was entitled to the property claimed on her own behalf. *Id.*

No competing claims to the Subject Property have been filed, and the period for doing so expired on or about April 2, 2025, for the published notice, and May 11, 2025, for direct notice.

## II.   STIPULATION AND AGREEMENT

The United States and Ms. Guy HEREBY STIPULATE and AGREE to the following:

1.   Ms. Guy agrees to withdraw the Claim she brought as to all Subject Property, except the Subject Colt Pistol. Ms. Guy understands and agree that by entering into this Stipulation and Agreement, Ms. Guy waives the right to further litigate any interest in any of the Subject Property (except for the Subject Colt Pistol) and/or to

Stipulation and Order - 3
*United States v. Dew,* CR24-091-KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

petition for remission or mitigation of the forfeiture. Ms. Guy agrees not to oppose final forfeiture to the United States of the Subject Property (except for the Subject Colt Pistol).

2. Ms. Guy asserts that Michael W. Ward was the rightful owner of the Subject Colt Pistol.

3. Consistent with Ms. Guy's assertion, the Tracing Report for the Subject Colt Pistol indicates that Mr. Ward was the last individual to purchase the Subject Colt Pistol from an FFL. Specifically, Mr. Ward purchased the Subject Colt Pistol on or about August 4, 1977, from an FFL in Everett, Washington.

4. Ms. Guy assets that the Subject Colt Pistol was stolen from Mr. Ward prior to his death on June 10, 2017.

5. Ms. Guy asserts that she and Mr. Ward were registered domestic partners in the State of Washington. Ms. Guy further assets that she is Mr. Ward's successor, as defined in RCW 11.62.005, and that she is entitled to ownership of the Subject Colt Pistol.

6. Ms. Guy represents that, to the best of her knowledge, no one else has an ownership interest in the Subject Colt Pistol.

7. Ms. Guy represents that she does not know Defendant or how Defendant acquired the Subject Colt Pistol. To the best of Ms. Guy's knowledge, Mr. Ward did not know Defendant.

8. The Federal Bureau of Investigation has confirmed that Ms. Guy has no identifiable criminal history precluding her from possessing firearms at this time.

9. Ms. Guy affirms that neither she nor any person living in her residence is prohibited from possessing firearms.

10. Based on the information and affirmations reflected in Paragraphs 2–7, above, the United States agrees that Mr. Ward had a vested interest in the Subject Colt Pistol, pursuant to 21 U.S.C. § 853(n)(6)(A), before Defendant Otis Lee Dew possessed

Stipulation and Order - 4
*United States v. Dew,* CR24-091-KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

it. The United States further agrees that as Mr. Ward's successor, Ms. Guy has a superior interest in the Subject Colt Pistol as well.

11. The United States recognizes the interest asserted by Ms. Guy to the Subject Colt Pistol and agrees to release the Subject Colt Pistol to Ms. Guy following the criminal proceedings in this case, to include any criminal appeal. The seizing agency, FBI, will affect the return of the Subject Colt Pistol to Ms. Guy.

12. Ms. Guy understands the Subject Colt Pistol constitutes evidence in this case and cannot be returned prior to the completion of these criminal proceedings, to include any criminal appeal.

13. Ms. Guy understands and agrees the Subject Colt Pistol will be returned to her in its current condition, as it was seized from Defendant in this case.

14. Ms. Guy understands and agrees that this Stipulation fully and finally resolves any claim she and/or Mr. Ward's estate may have to the Subject Property. Ms. Guy waives any right to further litigate or pursue this claim, in this or any other proceeding, judicial or administrative.

15. Upon return of the Subject Colt Pistol, Ms. Guy agrees to release and hold harmless the United States, its agents, representatives, and/or employees, as well as any involved state or local law enforcement agencies, their agents, representatives, and/or employees, from any and all claims Ms. Guy may possess, or that may arise, based on the United States' actions against the Subject Property, including the Subject Colt Pistol.

16. The United States and Ms. Guy agree they will each bear their own costs, fees, and expenses incurred in these ancillary forfeiture proceedings.

17. The United States and Ms. Guy agree that the terms of this Stipulation and Agreement are subject to review and approval by the Court, as provided in the proposed Order below. If the Court enters the proposed Order, Ms. Guy shall be relieved from further participation in this criminal ancillary proceeding, other than to implement the terms of this Stipulation and Agreement or unless specifically directed by an order of the

Stipulation and Order - 5
*United States v. Dew,* CR24-091-KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | Court. If the Court enters the proposed Order, a violation of any term or condition of this
2 | Stipulation shall be construed to be a violation of that Order.

Respectfully submitted,

TEAL LUTHY MILLER
Acting United States Attorney

DATED: July 15, 2025

*s/Karyn S. Johnson*
KARYN S. JOHNSON
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
Phone: 206-553-2462
Fax: 206-553-6934
Karyn.S.Johnson@usdoj.gov

DATED: July 12, 2025

*s/Kristie Guy*
KRISTIE GUY*
Third-Party Claimant of behalf of the Estate of
Michael W. Ward
Marysville, WA
*Signed by AUSA Johnson on behalf of
Kristie Guy per email authorization on
July 12, 2025*

Stipulation and Order - 6
*United States v. Dew,* CR24-091-KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**ORDER**

The Court has reviewed the above Stipulation between the United States and Third-Party Claimant Kristie Guy on behalf of the Estate of Michael W. Ward, settling the interest Ms. Guy has asserted in the Subject Colt Pistol (Dkt. No. 48), which was forfeited by Defendant Otis Lee Dew in this case (Dkt. No. 37).

The Court HEREBY GRANTS the stipulated motion to settle Kristie Guy's claim, according to the terms of the Stipulation and Agreement. Dkt. No. 53.

DATED this 15th day of July, 2025.

Kymberly K. Evanson
United States District Judge

Stipulation and Order - 7
United States v. Dew, CR24-091-KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970