The Hon. Kymberly K. Evanson

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OTIS LEE DEW,<br><br>Defendant. | NO. CR24-091-KKE<br><br>**FINAL ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' unopposed Motion for Final Order of Forfeiture ("Motion") for the following property, the "Subject Property", which has already been forfeited by Defendant Otis Lee Dew:

    a. One Glock 23 Pistol, bearing serial number PLU233;

    b. One Norinco SKS Rifle, bearing serial number 9093780;

    c. One Romarm Cugir Rifle, bearing serial number ROA22AG6890;

    d. One Derringer 38 Spc Pistol, bearing serial number PR2068;

    e. One Panzer Arms AR12 Tactical Shotgun, bearing serial number BP-18-00530; and

    f. Any and all associated magazines and ammunition.

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby GRANTS the Motion (Dkt. No. 56), finding entry of a Final Order of Forfeiture is appropriate because:

- On January 30, 2025, the Court entered a Preliminary Order of Forfeiture finding the Subject Property forfeitable pursuant to 21 U.S.C. § 853(a) and forfeiting to the United States the Defendant's interest in it. Dkt. No. 37;

- The United States published notice of the pending forfeitures as required by 21 U.S.C. § 853(n)(1) and Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(b)(6)(C) (Dkt. No. 38), and sent direct notice, by means reasonably calculated to reach them, to four identified potential claimants, as required by Fed. R. Crim. P. Rule 32.2(b)(6)(A) and Supplemental Rule G(4)(b)(iii)-(v) of the Supplemental Rules for Certain Admiralty and Maritime Claims (*see* Declaration of AUSA Karyn S. Johnson in Support of Stipulation, Dkt. No. 54, ¶¶ 2-3, Exhibits A-D);

- Third-party Kristie Guy has withdrawn her claim as to the Subject Property (*see* Dkt. Nos. 48-49, 53), and no other claims were filed as to the Subject Property; and

- The time period for filing third-party petitions has expired.

NOW, THEREFORE, THE COURT ORDERS:

1. No right, title, or interest in the Subject Property exists in any party other than the United States.

2. The Subject Property is fully and finally condemned and forfeited, in its entirety, to the United States; and

///

Final Order of Forfeiture - 2
*United States v. Dew,* CR24-091-KKE

3. The United States Department of Justice, the Federal Bureau of Investigation, and/or their representatives, are authorized to dispose of the Subject Property as permitted by governing law.

DATED this 4th day of August, 2025.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge